Mark Berkowitz (Bar No. 232472017)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.:   (212) 216-8000
Fax:   (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOMA LICENCIAMENTO DE MARCAS LTDA and TRUSS COSMETICS CORP., <br><br> Plaintiffs, <br><br> v. <br><br> LY BERDITCHEV CORP., <br><br> Defendant. | Case No. 2:24-cv-05759-BRM-CLW <br><br> Assigned to: <br> Judge Brian R. Martinotti <br> Magistrate Judge Cathy L. Waldor <br><br> Motion Date: November 4, 2024 |

**LY BERDITCHEV CORP.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR SANCTIONS AGAINST LOMA LICENCIAMENTO DE**
**MARCAS LTDA AND TRUSS COSMETICS CORP.**

# **TABLE OF CONTENTS**

I. BACKGROUND ........................................................................................2

II. LEGAL STANDARD ................................................................................5

III. TRUSS'S REFILING OF CLAIMS THAT WERE ALREADY DISMISSED WITH PREJUDICE ..................................................................6

IV. REQUEST FOR SANCTIONS ..................................................................8

V. CONCLUSION.........................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Balthazar v. Atl. City Med. Ctr.*,
   279 F. Supp. 2d 574 (D.N.J. 2003),
   *aff'd*, 137 F. App'x 482 (3d Cir. 2005)..............................................................................9

*Brubaker Kitchens Inc. v. Brown*,
   280 F. App'x 174 (3d Cir. 2008) ....................................................................................5, 6

*Callaway v. Wynn*,
   No. CIV. 13-2296 RBK JS,
   2015 WL 3544848 (D.N.J. June 1, 2015)..........................................................................8

*Carlino v. Gloucester City High Sch.*,
   57 F. Supp. 2d 1 (D.N.J. 1999),
   *aff'd in part*, 44 F. App'x 599 (3d Cir. 2002).....................................................................5

*Cranbury Brook Farms v. Twp. of Cranbury*,
   No. CV 05-2105 (FSH), 2006 WL 8458231 (D.N.J. Feb. 8, 2006),
   *aff'd*, 226 F. App'x 92 (3d Cir. 2007)...............................................................................9

*Dunleavy v. Gannon*,
   No. 2:11-CV-0361 DMC MF, 2012 WL 259382 (D.N.J. Jan. 26, 2012) ............9

*Edwards v. Wells Fargo Bank Nat'l Ass'n*,
   No. 1:19-cv-14409-NLH-SAK, 2023 WL 112451 (D.N.J. Jan. 5, 2023) ............5

*Eisenstein v. Ebsworth*,
   148 F. App'x 75 (3d Cir. 2005) ....................................................................... 10

*Heine v. Bureau Chief Div. of Fire & Safety*,
   765 F. App'x 816 (3d Cir. 2019) .......................................................................7

*LY Berditchev Corp. v. Truss Cosmetics Corp. et al.*,
   No. 2:22-cv-04242-BRM-CLW (D.N.J.) ("the '4242 Action")...........2, 3, 4, 6, 7

*Millman v. Subaru of Am., Inc.*,
   No. CIV.A.07-4846(JLL), 2009 WL 197527 (D.N.J. Jan. 27, 2009) ..................5

*Toscano v. Connecticut Gen. Life Ins. Co.*,
    288 F. App'x 36 (3d Cir. 2008) .............................................................................. 8

**Statutes**

15 U.S.C. § 1114 ............................................................................................................ 3

15 U.S.C. § 1125 .................................................................................................... 2, 3, 4

**Other Authorities**

Fed. R. Civ. P. 4(m) .................................................................................................. 1, 7

Fed. R. Civ. P. 11 ................................................................................................. *passim*

Defendant LY Berditchev Corp. ("Defendant" or "LYB"), pursuant to Fed. R. Civ. P. 11, respectfully submits this motion for sanctions against Defendants Loma Licenciamento De Marcas Ltda ("Truss Brazil") and Truss Cosmetics Corp. ("Truss USA") (collectively, "Truss").

Through its Counsel, Truss refiled claims against LYB that were already dismissed ***with prejudice*** in a prior action between the parties. LYB informed Truss's Counsel of their error within two days of Truss's filing of this action, yet Truss and its Counsel refused to dismiss the action.  Instead, Truss and its Counsel simply took no effort to serve LYB for over 90 days. Yet, when the Court issued an order to show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) (ECF No. 7), Truss's Counsel sent LYB a waiver form and advised that it would formally serve LYB if the waiver form was not returned. LYB has been, and will continue to be, prejudiced by Truss's unwarranted pursuit of this case against LYB.  Accordingly, as discussed further herein, Rule 11 sanctions are appropriate.

Pursuant to Rule 11, a copy of this Motion was served on Truss's Counsel on September 13, 2024.  Twenty-one (21) days have passed since service was made without a cure by Truss or its Counsel, and LYB is accordingly filing its Motion with the Court.  *See* Fed. R. Civ. P. 11(c)(2).

## I. BACKGROUND

This case relates to the resale of Truss-brand products ("Truss Products") on the Amazon.com marketplace ("Amazon"). Truss's claims have already been dismissed ***with prejudice*** by the Court and thus are barred by the doctrine of res judicata.

Specifically, on February 13, 2023, both Truss USA and Truss Brazil filed Counterclaims against LYB in the action styled as *LY Berditchev Corp. v. Truss Cosmetics Corp. et al.*, No. 2:22-cv-04242-BRM-CLW (D.N.J.) ("the '4242 Action"). (*See* '4242 Action, ECF No. 36, "Ex. 1.")[1] Truss's Counterclaims purported to contain "two counts, both under the Lanham Act, 15 U.S.C. § 1125: one for false advertising, and one for unfair competition." ('4242 Action, ECF No. 57, "Ex. 2.") As explained by this Court:

> In its counterclaim, Truss alleges that LYB marketed hair products via duplicate listings that contained "incorrect and misleading information," including incorrect titles, universal product codes, item codes, descriptions, dimensions, and images, as well as typos and missing images. (CC ¶¶ 36, 40–42.)[5] According to Truss, LYB's duplicate listings not only resulted in "poor brand image" (*id.* ¶ 43), but also caused confusion (*id.* ¶ 100) and material deception (*id.* ¶¶ 104–05) vis-à-vis consumers, who received different and lesser goods than expected (*id.* ¶¶ 6, 100, 103–04). Truss therefore asserts that LYB engaged in unfair competition and false advertising in violation of the Lanham Act. (*Id.* ¶¶ 96–108.)

---

[1] Exhibits 1–3 are attached to the Declaration of Mark Berkowitz submitted herewith.

2

(*Id.* at 2–3.) The two purportedly "duplicate listings" identified in Truss's counterclaims were Amazon Standard Identification Numbers ("ASINs") B08B4TS7NS and B08B4VCFLX. (Ex. 1, CC ¶¶ 36, 40–42.) The Court dismissed Truss's Counterclaims for failure to "adequately allege that LYB resold products in a manner likely to create confusion concerning the origin of the goods" or "that LYB's statements about the resold products had a tendency to materially deceive the intended audience." (Ex. 2 at 4.)

The dismissal was "without prejudice to the submission of an amended counterclaim to cure the deficiencies noted" in the Court's Order. (Ex. 2 at 6.) But, the Court advised that, "[i]f no amended counterclaim [were] filed within 30 days [i.e., by October 30, 2023], the dismissal [would] become one ***with prejudice***." (*Id.* (emphasis added).) Truss did not amend its Counterclaims, and thus the dismissal became one with prejudice.

Truss's Complaint in the present Action advances ***the exact same claims*** that were dismissed with prejudice in the '4242 Action. Specifically, just like the dismissed Counterclaims, Truss's Complaint purports to contain counts that "sound in unfair competition in interstate commerce under 15 U.S.C. § 1114 (infringement of a registered trademark) and 15 U.S.C. § 1125(a) (infringement of unregistered

3

trademark), and under 15 U.S.C. § 1125(b) (false advertising)."[2] Just like the dismissed Counterclaims, Truss alleges that LYB's sale of Truss Products "dece[ives] consumers in interstate commerce" and constitutes "false and misleading advertising." (ECF No. 1, Compl. ¶ 7.) Just like the dismissed Counterclaims, the Complaint alleges that LYB used "incorrect and misleading information" (*id.* ¶ 40) on Amazon listings that resulted in "an image of a poor product perception" (*id.* ¶ 43), and caused confusion (*id.* ¶¶ 42–43, 45) as a result of "false and misleading information" (*id.* ¶ 44). Truss therefore asserts that LYB engaged in unfair competition and false advertising in violation of the Lanham Act. (*Id.* ¶¶ 46–94.) Just like the dismissed Counterclaims, the two accused product listings identified in the Complaint are ASINs B08B4TS7NS and B08B4VCFLX. (*Id.* at ¶¶ 40–41.)

  Truss was promptly advised that its Complaint is barred by res judicata but has, nevertheless, refused to dismiss this Action. Rather, Truss believes that maintaining frivolous claims against LYB would provide it with leverage against LYB in the '4242 Action that is still pending (and awaiting a ruling on the parties' cross-motions for summary judgment). This is an improper use of the courts and a plain violation of Rule 11.

---

[2] Truss's Counts II and III under "15 U.S.C. § 1125(b)" make no sense—that provision does not reference a civil cause of action.

4

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 11(b)(3), "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Rule 11 of the Federal Rules of Civil Procedure "imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" *Carlino v. Gloucester City High Sch.*, 57 F. Supp. 2d 1, 36–37 (D.N.J. 1999), *aff'd in part*, 44 F. App'x 599 (3d Cir. 2002) (internal quotation omitted). Courts determine whether there has been a violation of Rule 11 by applying a "reasonableness under the circumstances" standard. *Millman v. Subaru of Am., Inc.*, No. CIV.A.07-4846(JLL), 2009 WL 197527, at *4 (D.N.J. Jan. 27, 2009) (internal quotation omitted). "Importantly, as a finding of bad faith is not required for a Rule 11 violation . . . there can be no 'empty head, pure heart' justification for the filing of frivolous claims." *Edwards v. Wells Fargo Bank Nat'l Ass'n*, No. 1:19-cv-14409-NLH-SAK, 2023 WL 112451, at *6 (D.N.J. Jan. 5, 2023) (internal quotations omitted). "The imposition of Rule 11 sanctions requires only a showing of objectively unreasonable conduct." *Brubaker*

5

*Kitchens Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008) (internal quotation and modification omitted).

Once a court determines that Rule 11(b) has been violated, it may in its discretion impose sanctions limited to what is sufficient "to deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4)). This may be in the form of either an award of fees and costs incurred as a result of the violation, a payment to the Court, or a nonmonetary sanction. *Id.*

Prior to making a motion for sanctions for a Rule 11 violation, the moving party must first serve, but not file, the motion describing the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2). If the challenged paper or contention is not withdrawn or appropriately corrected within 21 days after service of the motion, the moving party may then file its motion with the Court. *Id.*

### III. TRUSS'S REFILING OF CLAIMS THAT WERE ALREADY DISMISSED WITH PREJUDICE

Truss initiated this Action on May 1, 2024 (ECF No. 1), seven months after its Counterclaims were dismissed in the '4242 Action (Ex. 2). As discussed above, Truss's Complaint is duplicative of the dismissed Counterclaims, and thus barred by res judicata.[3]

---

[3] As the '4242 Action involves a claim by LYB for a declaratory judgment of non-infringement of the TRUSS trademark, Truss's claims alleging violation of their trademark rights were likewise compulsory counterclaims in the '4242 Action.

On May 2, 2024, Truss's counsel contacted counsel for LYB and requested that LYB accept service of the Complaint. LYB's counsel responded on May 3, 2024 that it would waive service if Truss sent a waiver form, but advised that the present Action is barred by res judicata, as these same claims were dismissed by Judge McNulty's September 28, 2023 Opinion in the '4242 Action and that dismissal became one *with prejudice* thirty days later. By way of that May 3, 2024 email, LYB formally demanded that Truss dismiss this lawsuit before it was forced to incur needless expense. LYB advised that it would be forced to prepare a Rule 11 motion and motion to dismiss if Truss did not dismiss the action voluntarily. (*See* Ex. 3.)

Between May 3, 2024 and August 7, 2024, LYB never heard anything further from Truss's counsel about this action. However, on August 8, 2024, this Court issued a "Notice Of Call For Dismissal Pursuant to Fed.R.Civ.P. 4(m)" advising that this Action would be dismissed on August 22, 2024 if proof of service were not filed before that date. (ECF No. 7.) Hours later, Truss's counsel finally sent a waiver form to LYB's counsel.

"Because [Truss's] claims against th[is] defendant[, i.e., LYB,] have already been resolved through a final judgment on the merits [i.e., a dismissal with prejudice], all claims brought by [Truss] against [LYB] in this action are barred by res judicata." *Heine v. Bureau Chief Div. of Fire & Safety*, 765 F. App'x 816, 820 (3d Cir. 2019). The claims that Truss seeks to pursue in the present action all "arise

7

from the same underlying transaction or events" as Truss's dismissed Counterclaims, and thus must be dismissed on the basis of claim preclusion. *Toscano v. Connecticut Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008); *see also, e.g.*, *Callaway v. Wynn*, No. CIV. 13-2296 RBK JS, 2015 WL 3544848, at *2 (D.N.J. June 1, 2015) ("The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought.") (internal quotations omitted).

At a minimum, Truss's counsel should have never pursued this Action after being advised of the res judicata issue by LYB's counsel on May 3, 2024.

## IV.  REQUEST FOR SANCTIONS

A district court has broad discretion to tailor appropriate and reasonable sanctions under Rule 11 including "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Rule 11 sanctions may also "include nonmonetary directives." *Id.* Such nonmonetary directives may include "striking the offending paper" or "issuing an admonition [or] reprimand." Fed. R. Civ. P. 11, Notes of Advisory Committee on Rules—1993 Amendment. In determining a proper sanction, the Court may consider, *inter alia*, "[1] [w]hether the improper conduct was willful, or negligent; [2] whether it was part of a pattern of activity, or an isolated event; . . . [3] whether it was intended to

8

injure; . . . [and] [5] what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case." *Id.*

As discussed above, Truss and its Counsel have been aware since at least May 3, 2024 that this action was precluded under res judicata, and Truss should have withdrawn this action after being informed as such by LYB's counsel.

Rule 11 requires parties to refrain from advocating claims once they are determined to be without merit, even if such claims may have been reasonable when initially filed. *See, e.g.*, *Balthazar v. Atl. City Med. Ctr.*, 279 F. Supp. 2d 574, 595 (D.N.J. 2003) (granting Rule 11 sanctions where counsel "continued to relitigate allegations that are patently unmeritorious and frivolous"), *aff'd*, 137 F. App'x 482 (3d Cir. 2005). Thus, whether or not Truss was negligently ignorant of the baselessness of its claims when initially filed, its failure to withdraw the action in view of LYB's explanation that the claims were barred by res judicata, subjects Truss and its Counsel to Rule 11 sanctions for their continued pursuit of these claims. *See, e.g.*, *Dunleavy v. Gannon*, No. 2:11-CV-0361 DMC MF, 2012 WL 259382, at *8 (D.N.J. Jan. 26, 2012) (granting Rule 11 sanctions in the form of reasonable costs and attorneys' fees incurred in the litigation from its inception where "Plaintiff has repeatedly filed in this Court and State Court on the same claims, which thereafter, were consistently dismissed on res judicata . . ."); *Cranbury Brook Farms v. Twp. of Cranbury*, No. CV 05-2105 (FSH), 2006 WL 8458231, at *5 (D.N.J. Feb. 8, 2006)

9

("[A]ttorney fees and cost as Rule 11 sanctions is not only appropriate, but necessary to preserve the integrity of the Court and to protect Defendant against further harassment."), *aff'd*, 226 F. App'x 92 (3d Cir. 2007); *Eisenstein v. Ebsworth*, 148 F. App'x 75, 78 (3d Cir. 2005) (affirming award of Rule 11 sanctions where plaintiff "ignored the dismissal of his other civil action, and the *reason* for that dismissal").

Here, LYB requests the following sanctions:

a. An order dismissing this action with prejudice;

b. An order requiring Truss and/or its Counsel be ordered to pay LYB's reasonable attorneys' fees incurred in this action since May 1, 2024, including moving to dismiss the Complaint; and preparing, serving, and filing this Motion, as well as any reply that may be required; and

c. Such other relief as the Court deems just and reasonable.

## V.  CONCLUSION

For the foregoing reasons, LYB's Motion should be granted.

                                    Respectfully submitted,

Dated: October 8, 2024                By: *s/ Mark Berkowitz*

                                    TARTER KRINSKY & DROGIN LLP
                                    Mark Berkowitz (Bar No. 232472017)
                                    1350 Broadway
                                    New York, NY 10018
                                    Telephone:(212) 216-8000
                                    Fax:       (212) 216-8001
                                    E-mail: mberkowitz@tarterkrinsky.com

                                    ***Attorneys for Defendant LY Berditchev Corp.***